**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ROBERT MORRIS,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>CHRISTOPHER LONG, Officer, Fresno Police Department,<br><br>    Defendant - Appellee. | No. 12-17105<br><br>D.C. No. 1:08-cv-01422-AWI-MJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted December 8, 2014
San Francisco, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and NAVARRO, Chief District Judge.[**]

    Plaintiff-Appellant Robert Morris (Morris) appeals the district court's entry

of judgment in favor of Defendant-Appellee Officer Christopher Long (Long)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Gloria M. Navarro, Chief District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

following a jury verdict rejecting Morris' claim that Long engaged in excessive force in violation of the Fourth Amendment. We affirm.

**1.** The district court acted within its discretion when it denied Morris' proposed theory of the case jury instruction because the instructions given by the court "fairly" covered Morris' Fourth Amendment excessive force claim and enabled the jury to consider Morris' theory of the case. *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) ("In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered. . . .") (citation and alteration omitted); *Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005) ("It is not error to reject a theory-of-the-case instruction if the other instructions in their entirety cover the case theory . . .") (citation and alteration omitted).

**2.** The district court acted within its discretion when it excluded evidence of Long's alleged dishonest conduct because, assuming the evidence fell within the scope of Federal Rule of Evidence 608(b), the district court could properly conclude under Federal Rule of Evidence 403 that the evidence was more

2

prejudicial than probative and risked confusing the issues and misleading the jury. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1189-90 (9th Cir. 2011).

3.     The district court acted within its discretion when it excluded "other acts" evidence Morris sought to introduce under Federal Rule of Evidence 404(b). At best, the proffered evidence tended only slightly "to prove a material point," *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013), and the district court could have properly concluded under Federal Rule of Evidence 403 that the limited probative value of the evidence was outweighed by the potential undue prejudice, consumption of time, and risk of misleading the jury. *See United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.") (citation omitted).

4.     The district court acted within its discretion when it excluded the ambulance record Morris sought to admit under Federal Rule of Evidence 803(7) because Morris failed to lay an adequate foundation. *See United States v. Regner*, 677 F.2d 754, 762 (9th Cir. 1982) (explaining that "testimony as to the nature of

3

recordkeeping . . . is required before evidence may be received [under Federal Rule of Evidence 803(7)]") (citations omitted).

**AFFIRMED.**